FILED

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZATREA EVANS,

             Plaintiff - Appellant,

    v.

ALLIEDBARTON SECURITY
SERVICES LLP; et al.,

             Defendants - Appellees.

No. 10-15264

D.C. No. 3:08-cv-04993-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

    Zatrea Evans appeals from the district court's judgment dismissing her

action alleging state law employment claims and its order denying her motion to

remand the action to state court. We have jurisdiction under 28 U.S.C. § 1291.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo the district court's order denying the motion to remand, and for clear error its underlying factual findings. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002). We affirm.

The district court did not clearly err by finding that Evans was subject to a collective bargaining agreement during the relevant time period in light of defendants' evidence and Evans's own allegations referencing "union rules." Accordingly, the district court properly denied the motion to remand because some of Evans's claims were completely preempted under § 301 of the Labor Management Relations Act ("LMRA"), *see Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001) (en banc), and thus these claims were removable to federal court, *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6-7 (2003). Evans's non-preempted state law claims were also removable under the supplemental jurisdiction statute. *See id.* at 8 n.3.

Evans's remaining contentions are unpersuasive.

**AFFIRMED.**